IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) )  Plaintiff, ) ) v. ) ) TIME SERVICES INC., ) ) Defendant. ) ) | CIVIL ACTION NO. 1:08CV0031 RM  COMPLAINT |

## NATURE OF THE ACTION

This is an action under Title V of the Americans with Disabilities Act of 1990, to correct unlawful employment practices on the basis of interference and retaliation and to provide appropriate relief to Susan Rhodes who was adversely affected by such practices. As alleged with greater particularity in paragraphs 9 and 10 below, the Commission alleges that Respondent interfered with Rhodes' rights under the Americans with Disabilities Act and retaliated against her by requiring her to sign a pre-employment medical release and refusing to consider her for employment because she refused to sign the pre-employment medical release. The Commission additionally alleges, as alleged with greater particularity in paragraph 11 below, that Respondent failed to retain employment records.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 503(c) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203(c), which incorporates by

reference Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title V of the ADA and is expressly authorized to bring this action by Section 503(c) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203(c), which incorporates by reference Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) and Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Time Services Inc. ("Time Services"), has continuously been an Indiana Corporation doing business in the State of Indiana and the City of Fort Wayne, and has continuously had at least 15 employees.

5. At all relevant times, Time Services has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Times Services has procured employees for employers and has been an employment agency within the meaning of Section 101(7) of the ADA, 42 U.S.C. §

12111(7), which incorporates by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

7. At all relevant times, Time Services has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Susan Rhodes filed a charge with the Commission alleging violations of Title I and Title V of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. From at least March 2005 through December 2006, Defendant engaged in unlawful employment practices at each of its facilities, in violation of Section 503(b) of Title V of the ADA, 42 U.S.C. § 12203(b), These practices included requiring applicants to sign a pre-employment medical release in order to be considered for employment.

10. Since at least May 2006, Defendant has engaged in unlawful employment practices in violation of Section 503(a) of Title V of the ADA, 42 U.S.C.§ 12203(a). These practices include Defendant's refusal to consider Susan Rhodes for employment because she refused to sign its pre-employment medical release.

11. Since at least January 1, 2005, Defendant has failed, in violation of Section 503(c) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203(c), which incorporates by reference Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) and Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

12. The effect of the practices complained of in paragraphs 9, 10 and 11 above has

been to deprive Susan Rhodes of equal employment opportunities and otherwise adversely affect her status as an employee, because she objected to discriminatory practices.

13. The unlawful employment practices complained of in paragraphs 9 and 10 above were and are intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from interfering with the ADA rights of applicants or employees or retaliating against applicants or employees who oppose unlawful employment practices.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for those who object to practices in violation of the ADA, which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Susan Rhodes by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Susan Rhodes by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 9 above.

E. Order Defendant employer to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by

reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

Respectfully submitted,

*/s/ Laurie A. Young*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*/s/ Michelle Eisele*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*/s/ Nancy Dean Edmonds*
NANCY DEAN EDMONDS
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203
Phone: (317) 226-7229
Fax: (317) 226-5571
E-mail: Nancy.Edmonds@eeoc.gov

5